# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Tracy Proctor,

      Plaintiff,

v.

Unum Life Insurance Company of America,

      Defendant.

Case No. _____

**COMPLAINT**

---

Comes now the Plaintiff, and for her cause of action against the Defendant, states and alleges as follows:

## JURISDICTION

1. Jurisdiction is conferred under 29 U.S.C. § 1132(e) as Plaintiff's claim is governed by the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001 et seq.

## PARTIES

2. Plaintiff is a Minnesota resident.

3. Defendant Unum Life Insurance Company of America ("Unum") is an insurance company that is licensed to do business in the State of Minnesota.

## FACTS

4. At all times material herein the Plaintiff was employed as a Telephonic Supervisor in the Underwriting Department for LTCG.

5. LTCG maintained an employee benefit plan and Plaintiff was a participant in that plan for long-term disability.

6. LTCG's long-term disability plan underwrote and funded its liabilities under the plan with a policy of insurance underwritten and provided by Unum.

7. Defendant Unum is a fiduciary under the Plan.

8. That as a result of various physical disabilities the Plaintiff qualified for disability benefits under the LTD Plan and Unum's policy and continues to be disabled, and as such Plaintiff is also entitled to a waiver of premium payments under the policy.

9. Plaintiff properly made claims for benefits under the Defendant's policy, but Defendant denied her LTD claim for any further benefits as of January 29, 2020. Following an Administrative Appeal on September 23, 2020, Defendant again denied Plaintiff's LTD claim on November 17, 2020, and administrative remedies have been exhausted.

10. The decision to deny the LTD benefits is in violation of the Plan, a violation of ERISA, and a violation of the fiduciary duties owed by the Defendant to the Plaintiff.

11. That as a direct and proximate result of the Defendant's actions, Plaintiff has sustained damages based on benefits due under the Plan.

12. That as a direct and proximate result of Defendant's actions, Plaintiff has been forced to incur costs and attorney's fees and, under the terms of ERISA, is entitled to be reimbursed by the Defendant for said fees and costs.

**WHEREFORE**, Plaintiff requests judgment against the Defendant granting her the following relief:

1.	Ordering Defendant to pay Plaintiff all benefits due under the LTD Plan to the present and continuing.

2.	Ordering Defendant to waive premium payments by Plaintiff.

3.	Awarding Plaintiff prejudgment interest on the amount of benefits due.

4.	Awarding Plaintiff costs and attorneys' fees incurred in bringing this proceeding.

5.	Granting Plaintiff such other and further relief as the Court may deem just and equitable.

Dated:	December 4, 2020	**NOLAN, THOMPSON, LEIGHTON & TATARYN, PLC**

By: s/Robert J. Leighton
Robert J. Leighton, Jr. (#220735)
Denise Y. Tataryn (#179127)
Attorneys for Plaintiffs
5001 American Boulevard West
595 Southgate Office Plaza
Bloomington, MN 55437
Phone: 952-405-7171
Email:   rleighton@nmtlaw.com
Email:   dtataryn@nmtlaw.com

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties pursuant to Minn. Stat. § 549.211, subd. 2, if this pleading is filed in bad faith.

s/Robert J. Leighton, Jr.